■ RICHARD E. GUTHMULLER et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 41961.) — GIBSON, P. J. Appeal by the State from a judgment of the Court of Claims which awarded damages for the appropriation of lands for highway purposes. An essential finding was "that the fair and reasonable market value of claimants' land and buildings prior to the appropriation is $22,000"; but the evidence necessarily relied upon in arriving at that amount was adduced from claimants' expert who testified as to the market value of the land but evaluated the buildings solely on the basis of reproduction cost, less depreciation. The property was not unique; it was not a specialty; and no reason was advanced upon the trial or in this court for reliance solely upon cost. The State's expert proceeded on the same erroneous theory of evaluation up to a point, but then, in response to a leading question, said that both his "cost approach and the market approach indicate a value, fair market value, of $12,300." We fail to find this proof, whether it be an afterthought or a happy coincidence of evaluations, of sufficient weight to support a reduced award in that amount by this court; but, in any event, it seems to us that since both parties contributed to the court's error there should, in fairness, be a new trial. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Taylor, Aulisi and Hamm, JJ., concur; Herlihy, J., concurs in the following memorandum: I do not agree with the majority opinion, but concur in the result as it seems the most pragmatic way of accomplishing a speedy decision. A dissent would serve no useful purpose. It seems to me, however, that when the State, without objection, acquiesces in the method of proof adopted by a claimant and thereafter undertakes to use the same formula of proof it should not be permitted, on appeal, to complain as to the probative value of the evidence offered in support of the theory of valuation because the amount of the award exceeds what the State considers to be the fair market value of the appropriated property. This is additionally so when the State made no requests to "find" or submitted proposed findings of fact. I would also note that the claimant's proof should conform to the established rules of evidence. Evidence of reproduction cost less depreciation is one of the several factors used by an expert in arriving at his opinion as to what *constitutes the fair market value* of the appropriated property and, in most instances, is resorted to when specialty property is being valued. (Cf. *Matter of City of New York*, 198 N. Y. 84; *Marraro v. State of New York*, 12 N Y 2d 285.)